(No. 19766.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AARON WOODWARD, Plaintiff in Error.

*Opinion filed December 20, 1929.*

JOHN MARSHALL BRANION, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, JOHN HOLMAN, and CHARLES A. BELLOWS, of counsel,) for the People.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Aaron Woodward was indicted in the criminal court of Cook county for the murder of Jeremiah O'Connell on July 29, 1928. He pleaded not guilty, was tried, the jury

found him guilty and fixed his punishment at death. Motions for a new trial and in arrest of judgment were overruled and judgment was entered that he be executed on June 14, 1929. This court granted a writ of error to review the record.

The People's evidence was that at about 12:15 o'clock in the morning of July 29, 1928, four policemen in plain clothes were driving north along LaSalle street in a squad car and about 3401 South LaSalle street they saw a man standing with his hands up in the air and a man in front of him with a gun. One of the policemen cried, "Police officers! Drop that gun!" The policemen began getting out of their car, when the man doing the hold-up pushed the man he was holding up in front of him for protection and began firing. The police returned the fire, and defendant staggered back eight or ten feet and again fired at the police. Defendant then ran north on LaSalle street, turned east on Thirty-third street and ran into an alley. Officer O'Connell and another policeman were following defendant, and as O'Connell turned into the alley defendant shot him in the side, from which wound he afterward died. Defendant continued to fire at the police and they at him, and when he tried to climb a fence, the police at a distance of about two yards fired at him and he fell. One of the policemen testified that he went up to him. He was lying on his back and the witness thought him dead. He was lying between a fence and the running-board of a car and a revolver was laying on the running-board. The gun had six empty shells. Three of the police squad went to the place of the hold-up and put Vanpertoloza, a colored minister, who was being held up, into a wagon. Other witnesses went to where defendant was lying and took him to the Bridewell Hospital. The colored minister had been so seriously wounded by some one in the shooting that he soon died.

A witness, Tourek by name, testified he went to the Bridewell Hospital, where defendant was after he was removed from the place where he was wounded, and took a statement from him. The witness testified defendant claimed to be Jack Whittaker at first and refused to talk with him. Afterward he was willing to talk and said his name was Aaron Woodward. The statement said defendant and Joe Parks, alias Joe Harris, met a man on the street and Parks put a gun on the man, and as he began to go through his pockets the police started shooting. He said he did not know who fired the first shot; that he started to run north on LaSalle street, then east on Thirty-third street and through an alley to a yard, where he fell from a gunshot, and the police found him. The statement was objected to but was admitted in evidence.

The only evidence offered by defendant was his own testimony. He testified that he had not seen Joe Harris for some time but knew him. He could not deny his signature to the statement made but claimed to have been unconscious of the act. He claimed not to remember signing the statement or signing a consent to an operation upon him, but the evidence clearly establishes that he did sign both, and shows almost as clearly that he was conscious and knew what he was doing at the time he signed them. He testified he did not remember being at the hospital until about five o'clock on July 30. The statement was made the 29th of July. Other witnesses, including the surgeons in the hospital, who saw defendant there, testified as to his condition and as to his signing the consent to be operated upon and the statement taken by the witness Tourek.

The case as presented by the record is rather confusing in the order in which it is presented, but it shows clearly that defendant killed O'Connell while trying to escape from the place after the police discovered the hold-up. The only persons at the place where the hold-up occurred were defendant and one other man, who could not have

been any other than the colored minister, Vanpertoloza, who was killed. It is true, defendant testified that Parks (or Joe Harris) was holding up a man, and that the minister, who was passing, said, "Look out! There is a hold-up!" and that he (defendant) immediately raised his hands in the air when the squad of police drove up and began firing. Defendant says, and the police admit, they were in plain clothes and he did not know who they were. The police testified they called out that they were policemen and to drop the gun which they say was held by defendant.

Without further argument, our conclusion from the evidence is that it clearly shows defendant was trying to hold up a man (the minister who was killed) when the police discovered him and the shooting began. There were many shots fired. Defendant was hit four or five times. The colored minister was killed, officer O'Connell was killed, and at the beginning of the shooting another policeman was disabled so he took no further part. No other conclusion can be arrived at from the evidence and the facts and circumstances proved than that defendant committed the murder while trying to escape from where he had been detected holding up a man.

After defendant had made his statement the policemen arrested Joe Harris, but he was dismissed after questioning.

Plaintiff in error's contention, as we gather it from the briefs, is that he did not know it was police officers who attacked him and that what he did was in self-defense; that the identity of the deceased, O'Connell, was not proved; that the court erred in admitting incompetent evidence and in making prejudicial remarks in the presence of the jury during the trial; that the State's attorney made prejudicial remarks, and that the court erred in giving and refusing instructions. That the man killed was O'Connell is clear from the proof, and although the defendant claims that he was shooting in self-defense all the proof is to the contrary except his own testimony. Defendant's guilt of

the murder, we repeat, was conclusively proved by the evidence, and in no phase of the case was there anything authorizing a verdict for anything else but murder.

We can see no serious objection to the remarks complained of, made by the court during the trial. Even if some of them were improper they were not of a character to prejudice defendant. The same may be said also of the remarks of the State's attorney objected to as prejudicial to defendant.

Complaint is made that the court gave no instructions on the right of self-defense, and that defendant's own testimony was that he shot in self-defense. The proof is overwhelmingly contradictory of the defendant's evidence, but the court did instruct the jury that where a defendant was where he had a right to be and was assaulted he might repel force by force, to the extent of killing his adversary if apparently it was necessary for that purpose, and that the killing under such circumstances would be excusable. Taking the instructions all together we think they fairly stated the law, and in none of them, given or refused, was there anything prejudicial to the lawful rights of defendant.

We find no excuse or justification in the record for reversing the judgment, and we have no doubt as to the guilt of the plaintiff in error. The judgment will therefore be affirmed, and the clerk of this court is directed to enter an order fixing the period between seven o'clock A. M. and five o'clock P. M. on Friday, the 14th day of February, 1930, as the time when the original sentence of death entered in the criminal court should be executed. A certified copy of that order will be furnished to the sheriff of Cook county. *Judgment affirmed.*